IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 2:15-cv-00413-JRG-RSP |
| EXXON MOBIL CORPORATION | § § § | |
| Defendant. | § | |

## EXXON MOBIL CORPORATION'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Exxon Mobil Corporation ("ExxonMobil") hereby responds to each numbered paragraph of the Complaint filed by Symbology Innovations, LLC ("Plaintiff" or "Symbology") dated March 23, 2015. Each of the paragraphs below corresponds to the same numbered paragraphs in the Complaint. ExxonMobil denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.

### PARTIES AND JURISDICTION[1]

1. ExxonMobil admits that the Complaint purports to arise under Title 35 of the United States Code and that Plaintiff has asserted entitlement to injunctive relief as well as damages. Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 1.

---

[1] ExxonMobil generally follows the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer. By doing so, ExxonMobil makes no admission regarding the substance of the heading or any other allegation of the Complaint and, in fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, ExxonMobil specifically denies such allegation.

2. ExxonMobil admits that the Complaint purports to set forth a claim for patent infringement and that this Court has subject matter jurisdiction over claims arising under 28 U.S.C. §§ 1131 and 1338(a). Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 2.

3. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and ExxonMobil therefore denies the allegations in that paragraph.

4. ExxonMobil admits that it is a corporation organized and existing under the laws of New Jersey with a principal place of business at 5959 Las Colinas Boulevard, Irving, Texas 75039. ExxonMobil also admits that it has designated Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process. ExxonMobil further admits that this Court has personal jurisdiction over it for purposes of this action. Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 4.

5. ExxonMobil denies the allegations in Paragraph 5.

## VENUE

6. ExxonMobil admits that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1400(b) but denies that venue is convenient in the Eastern District of Texas and that there is no clearly more convenient forum. Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 6.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,424,752)

7. ExxonMobil incorporates by reference its answers to the allegations set forth in Paragraphs 1–6.

8. ExxonMobil admits that the Complaint purports to set forth a complaint for patent infringement. Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 8.

9. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and ExxonMobil therefore denies the allegations in that paragraph.

10. ExxonMobil admits that three pages from a document purporting to be a copy of U.S. Patent No. 8,424,752 ("'752 patent") are attached to the Complaint as Exhibit A and that the first page indicates the patent is titled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 10.

11. ExxonMobil denies the allegations in Paragraph 11.

12. ExxonMobil denies the allegations in Paragraph 12.

13. ExxonMobil admits that it uses quick response codes in connection with its Speedpass⁺ system. ExxonMobil admits that the Speedpass⁺ system is partially described at https://itunes.apple.com/us/app/speedpass+/id668175318?mt=8. ExxonMobil also admits that with the Speedpass⁺ system a user may image a pump with a quick response code and decode the quick response code with the imaging device. ExxonMobil denies the remaining allegations in Paragraph 13.

14. ExxonMobil denies the allegations in Paragraph 14.

15. ExxonMobil denies the allegations in Paragraph 15.

16. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and ExxonMobil therefore denies the allegations in that paragraph.

## COUNT II
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,651,369)

17. ExxonMobil incorporates by reference its answers to the allegations set forth in Paragraphs 1–16.

18. ExxonMobil admits that the Complaint purports to set forth a complaint for patent infringement. Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 18.

19. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and ExxonMobil therefore denies the allegations in that paragraph.

20. ExxonMobil admits that eight pages of a document purporting to be a copy of U.S. Patent No. 8,651,369 ("'369 patent") are attached to the Complaint as Exhibit B and that the first page indicates such patent is titled "System and Method for Presenting Information about an Object on a Portable Electronic Device." Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 20.

21. ExxonMobil denies the allegations in Paragraph 21.

22. ExxonMobil denies the allegations in Paragraph 22.

23. ExxonMobil admits that it uses quick response codes in connection with its Speedpass+ system. ExxonMobil admits that the Speedpass+ system is partially described at https://itunes.apple.com/us/app/speedpass+/id668175318?mt=8. ExxonMobil also admits that with the Speedpass+ system a user may image a pump with a quick response code and decode the quick response code with the imaging device. ExxonMobil denies the remaining allegations in Paragraph 23.

24. ExxonMobil denies the allegations in Paragraph 24.

25. ExxonMobil denies the allegations in Paragraph 25.

26. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and ExxonMobil therefore denies the allegations in that paragraph.

## COUNT III
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,936,190)

27. ExxonMobil incorporates by reference its answers to the allegations set forth in Paragraphs 1–26.

28. ExxonMobil admits that the Complaint purports to set forth a complaint for patent infringement. Except as expressly admitted, ExxonMobil denies the remaining allegations in Paragraph 28.

29. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and ExxonMobil therefore denies the allegations in that paragraph.

30. ExxonMobil admits that a copy of U.S. Patent No. 8,936,190 ("'190 patent") purports to be attached to the Complaint as Exhibit C and that such patent is titled "System and Method for Presenting Information about an Object on a Portable Electronic Device."

31. ExxonMobil denies the allegations in Paragraph 31.

32. ExxonMobil denies the allegations in Paragraph 32.

33. ExxonMobil admits that it uses quick response codes in connection with its Speedpass⁺ system. ExxonMobil admits that the Speedpass⁺ system is partially described at https://itunes.apple.com/us/app/speedpass+/id668175318?mt=8. ExxonMobil also admits that with the Speedpass⁺ system a user may image a pump with a quick response code and decode the quick response code with the imaging device. ExxonMobil denies the remaining allegations in Paragraph 33.

34. ExxonMobil denies the allegations in Paragraph 34.

35. ExxonMobil denies the allegations in Paragraph 35.

36. ExxonMobil lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and ExxonMobil therefore denies the allegations in that paragraph.

## PRAYER FOR RELIEF

37. ExxonMobil denies that Plaintiff is entitled to any relief from ExxonMobil whatsoever, either as prayed for in the Complaint or otherwise.

## DEFENSES

38.     ExxonMobil asserts the following defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff, to the allegations in the Complaint. ExxonMobil reserves the right to amend its answer to include additional affirmative defenses, including, but not limited to, allegations of inequitable conduct, as this matter progresses.

## FIRST DEFENSE

39.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

40.     Symbology is not entitled to any relief against ExxonMobil because ExxonMobil does not infringe and has not infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '752 patent, '369 patent, or '190 patent (collectively "the patents-in-suit"), either literally or under the doctrine of equivalents, willfully or otherwise.

## THIRD DEFENSE

41.     Each asserted claim of the patents-in-suit is invalid for failing to meet one or more of the conditions for patentability under Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112, and the applicable provisions of Title 37 of the Code of Federal Regulations.

### FOURTH DEFENSE

42. To the extent that Plaintiff and alleged predecessors in interest to the patents-in-suit failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that ExxonMobil's actions allegedly infringed the patents-in-suit, ExxonMobil is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the patents-in-suit.

### FIFTH DEFENSE

43. To the extent that Plaintiff asserts that ExxonMobil indirectly infringes, either by contributory infringement or inducement of infringement, ExxonMobil is not liable to Plaintiff for the acts alleged to have been performed before ExxonMobil knew that its actions would cause indirect infringement.

### SIXTH DEFENSE

44. Plaintiff's attempted enforcement of the patents-in-suit against ExxonMobil is barred by laches and/or estoppel.

### SEVENTH DEFENSE

45. The claims of the patents-in-suit are not entitled to a scope sufficient to encompass any system employed or process practiced by ExxonMobil.

### EIGHTH DEFENSE

46. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

## COUNTERCLAIMS

### PARTIES

1. Counterclaim Plaintiff ExxonMobil is a corporation organized under the laws of New Jersey with a principal place of business in Irving, Texas.

2. Upon information and belief, Counterclaim Defendant Symbology is a limited liability company organized under the laws of the State of Texas with a principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

### JURISDICTION

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue is proper in this District pursuant to at least 28 U.S.C. § 1400.

### COUNT I
### DECLARATION REGARDING NON-INFRINGEMENT

5. Based on Symbology's filing of this action and ExxonMobil's Second Defense, an actual controversy has arisen and now exists between the parties as to whether ExxonMobil infringes the '752 patent, '369 patent, and '190 patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, ExxonMobil requests a declaration by the Court that it does not infringe any claim of the '752 patent, '369 patent, or '190 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

7. Based on Symbology's filing of this action and ExxonMobil's Third Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '752 patent, '369 patent, and '190 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, ExxonMobil requests a declaration by the Court that the claims of the '752 patent, '369 patent, and '190 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## JURY DEMAND

ExxonMobil hereby demands trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, ExxonMobil asks this Court to enter judgment in ExxonMobil's favor and against Plaintiff by granting the following relief:

a) a declaration that the asserted claims of the '752 patent, '369 patent, and '190 patent are invalid;

b) a declaration that ExxonMobil does not infringe, under any theory, any valid claim of the '752 patent, '369 patent, or '190 patent that may be enforceable;

c) a declaration that Plaintiff take nothing by its Complaint;

d) dismissal of the Complaint with prejudice;

e) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to ExxonMobil of its costs and attorneys' fees incurred in this action; and

f) further relief as the Court may deem just and proper.

Respectfully submitted,

By:   /s/ David J. Beck
      David J. Beck
      Texas State Bar No. 00000070
      BECK REDDEN LLP
      1221 McKinney, Suite 4500
      Houston, Texas 77010-2010
      Telephone: (713) 951-3700
      Telecopier: (713) 951-3720

**ATTORNEY IN CHARGE FOR
EXXON MOBIL CORPORATION**

**OF COUNSEL:**

Michael E. Richardson
Texas State Bar No. 24002838
Alex B. Roberts
Texas State Bar No. 24056216
BECK REDDEN LLP
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Telecopier: (713) 951-3720

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

      /s/ Michael Richardson
      Michael Richardson

579.00036/559124.v1